JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUNTER ZIELKE; et al., | ) | CASE NO. CV 18-3247-R |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |
| v. | ) ) | |
| SCOTT ERIC ROSENSTIEL; et al., | ) ) | |
| Defendants. | ) ) ) | |

      Before the Court is Plaintiffs' Motion to Remand, which was filed on May 9, 2018. (Dkt. 7). Having been thoroughly briefed by both parties, this Court took the matter under submission on August 30, 2018.

      On February 13, 2018, Plaintiffs filed a First Amended Complaint ("FAC") in Los Angeles County Superior Court alleging three causes of action: (1) quiet title, (2) slander of title, and (3) fraud. Defendants filed a notice of removal on April 18, 2018 based on federal question jurisdiction. Plaintiffs move to remand to state court.

      A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. §1441(a). "The burden of establishing federal subject

matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

In this case, Defendants argue that removal is proper because (1) Plaintiffs' rights in the subject property stem from a 2011 judgment of this Court, (2) they are seeking, in their FAC, to enforce three judgments of this Court upon Defendants, and (3) this case really and substantially involves a dispute or controversy respecting the validity, construction, and effect of these three judgments. Defendants are mistaken. While it is true that the United States once had an interest in the subject property in the form of a tax lien, its interest ended when Plaintiffs paid the IRS prior to the scheduled tax sale of the property. The United States is no longer a party, no federal laws are alleged to be violated, and Plaintiffs are not seeking to enforce any federal court judgment. Rather, Plaintiffs seek to have various documents expunged from the records of the Los Angeles County Recorder, to remove all clouds on title, and to obtain damages for Defendants' allegedly unauthorized, fraudulent, and otherwise unlawful conduct in connection with the subject property. Accordingly, there is no federal question, and this Court has no jurisdiction to hear the case.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. 7).

Dated: September 13, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE